**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| WALTER A. TORMASI,<br><br>Plaintiff,<br><br>v.<br><br>GARY M. LANIGAN et al.,<br><br>Defendants. | : | Civ. No. 18-1203 (FLW) (TJB)<br><br>**MEMORANDUM OPINION** |

**FREDA L. WOLFSON, Chief Judge:**

Plaintiff, Walter A. Tormasi ("Tormasi" or "Plaintiff"), is a state prisoner, presently incarcerated at New Jersey State Prison ("NJSP"), in Trenton, New Jersey. He is proceeding *pro se* with a civil rights complaint claiming that various prison administrators and staff obstructed, or at least failed to accommodate, his desire to undergo religious circumcision. (*See* Am. Compl., ECF No. 4.) Tormasi has claimed that these acts violated his constitutional rights under the Free Exercise Clause and the Establishment Clause of the First Amendment, as well as his statutory rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (*See id.*) The Court previously granted in part and denied in part motions to dismiss the action by defendant Dr. Abu Ahsan ("Ahsan") and by various administrators with the New Jersey Department of Corrections ("NJDOC"). (*See* ECF Nos. 62 & 63.)

Presently before the Court is a motion by defendant Lance C. Carver, R.N. ("Carver") seeking dismissal only of the "claims against Carver under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act based on the Free Exercise Clause of the United States Constitution and the New Jersey Constitution insofar as they seek damages against Carver in his individual capacity."

(ECF No. 68.) Carver, like Ahsan, works for Rutgers University Correctional Health Care ("UCHC"), which provides medical services at NJSP, and Tormasi alleges that he made unsuccessful requests to all defendants, including Carver, for circumcision surgery. (*See* ECF No. 4 ¶¶ 29–31.) Carver, in his three-page motion brief, joins the arguments raised in the prior dismissal motions, contending that they "apply equally to Carver because his alleged factual and legal status is identical in all material respects to Ahsan's." (ECF No. 68-1.) Tormasi filed a one-paragraph opposition to the motion, simply invoking the arguments he raised in opposition to the prior dismissal motions. (ECF No. 71.)

The Court partly granted the prior motions to dismiss on the basis that the doctrine of qualified immunity barred Tormasi's claims for damages under the Free Exercise Clause of the First Amendment. (*See* ECF No. 62 at 12–18.) Specifically, the Court noted a dearth of specifically relevant precedent and concluded "that the defendants' refusal to grant Tormasi's requests for circumcision did not violate any clearly established constitutional right." (*Id.* at 17.) The Court denied the prior dismissal motions, however, insofar as they sought dismissal of the remainder of Tormasi's claims, including his demands for injunctive relief and his claims under the Establishment Clause of the First Amendment and RLUIPA. (*See id.* at 18–24; ECF No. 63.)

Given that the allegations against Carver and his position in the prison are indistinguishable from those of Ahsan, it is apparent that the analysis of Ahsan's dismissal motion should apply equally to the present motion by Carver. Tormasi has presented no reason why the result now should differ; indeed, he has explicitly relied on the arguments he previously raised in opposition to the prior dismissal motions. (ECF No. 71.) Accordingly, Carver's dismissal motion, which only seeks dismissal to the same extent as previously granted to Ahsan

and the NJDOC defendants, is granted.  Tormasi's claims under the Free Exercise Clause insofar as they seek damages from Carver in his individual capacity are dismissed.

An appropriate order follows.

DATED:  September 11, 2019                              /s/ Freda L. Wolfson
                                                        FREDA L. WOLFSON
                                                        U.S. Chief District Judge